UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DEWIGHT ROGERS,<br><br>　　　　Defendant. | NO. 2:17-CR-00035-JLQ-2<br><br>MEMORANDUM OPINION AND ORDER RE: EVIDENTIARY HEARING, SENTENCING, AND SENTENCING ENHANCEMENT |

On September 22, 25, and 28, 2017, the court held evidentiary hearings in this matter. Defendant Gilpatrick was also present, in custody, and represented by CJA counsel Jeffrey Niesen. Defendant Rogers was present, in custody, and represented by Daniel Rubin of the Federal Defenders of Eastern Washington and Idaho. Assistant United States Attorney Patrick Cashman appeared for the Government. At the evidentiary hearings the court heard testimony from Secret Service Agent Gregory Ligouri and Defendant Gilpatrick. The court also heard argument from defense counsel. On September 28, 2017, the court held a sentencing hearing for Defendant Gilpatrick. On October 6, 2017, the court held a sentencing hearing for Defendant Rogers. This Order memorializes and supplements the court's oral rulings at the above hearings.

On February 22, 2017, an Indictment was returned, with Count 1 charging both Gilpatrick and Rogers with Manufacturing Counterfeit Obligations or Securities of the United States in violation of 18 U.S.C. § 471. Count 2 of the Indictment charged

ORDER - 1

Gilpatrick with Uttering Counterfeit Obligations or Securities in violation of 18 U.S.C. § 472. Count 3 of the Indictment charged Rogers with Uttering Counterfeit Obligations or Securities in violation of 18 U.S.C. § 472. (ECF No. 1).

On June 2, 2017, Rogers entered a plea of guilty to Count 3 of the Indictment. (ECF No. 46); (ECF No. 44). The Plea Agreement specifically recognized the court was not required to accept the parties' recommendations for sentencing and that the court "will determine Defendant's applicable sentencing guideline range at sentencing." (ECF No. 44 at ¶¶2, 7). The court is not bound by the parties' stipulation regarding applicable offense level enhancements. U.S.S.G. § 6B1.4(d); *see U.S. v. Easterling*, 921 F.3d 1073, 1078-79 (10th Cir. 1990) (holding a district court may consider information not stipulated in the plea agreement and is not bound by the parties' stipulation); *U.S. v. Rutter*, 897 F.2d 1558, 1563-65 (10th Cir. 1990) (affirming the district court's application of an offense level enhancement not contained within the plea agreement because the parties' agreement was not binding on the court and the court could consider information beyond that stipulated to by the parties).

A two level increase to the offense level applies "[i]f the defendant (A) manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting." U.S.S.G. § 2B5.1(b)(2)(A). This enhancement requires "some linkage to the actual production of counterfeit obligations." *U.S. v. Allen*, 434 F.3d 1166, 1172 (9th Cir. 2006); *see also*, *U.S. v. Malone*, 49 F.3d 393, 399 (8th Cir. 1995) (finding evidence of the devices, testimony from the co-defendant, possession of the master bill, and portions of counterfeit bills "constitutes reliable evidence that [the defendant] manufactured counterfeit bills."). Evidence of counterfeit bills is "[o]rdinarily ... proof that counterfeit devices or materials were 'used' to produce counterfeit obligations." *Allen*, 434 F.3d at 1172. Expert testimony may also establish the link between the counterfeit bills and the

devices used to manufacture those bills." (*Id.*). However, this enhancement "does not apply to persons who produce items that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." U.S.S.G. § 2B5.1, App. Note 3.

A two level increase to the offense level applies "[i]f a dangerous weapon (including a firearm) was possessed in connection with the offense." U.S.S.G. § 2B5.1(b)(4). Where the United States Sentencing Guidelines uses the term "in connection with," the Ninth Circuit holds that phrase "mean[s] that the firearm must have been possessed in a manner that permits an inference that it facilitated or potentially facilitated- i.e. had some potential emboldening role in-a defendant's felonious conduct." *U.S. v. Ellis*, 241 F.3d 1096, 1099 (9th Cir. 2001) (quotation marks and citation omitted). Here, the firearm was found in Defendant Rogers' hotel room along with counterfeit bills and drugs. However, no evidence was presented whereby the court could infer Rogers possessed the firearm in connection with his offense of uttering counterfeit obligations. The possession of the firearm in the hotel room was too attenuated to those actions. Accordingly, the court did not apply this enhancement.

It is the court's duty to determine the offense level and any applicable enhancements under the United States Sentencing Guidelines. *Molina-Martinez v. U.S.*, 136 S. Ct. 1338, 1342 (2016); U.S.S.G. § 1B1.1(a)(2); *see also*, U.S.S.G. § 6B1.4(d) ("The court is not bound by the stipulation [of the parties contained in the plea agreement], but may with the aid of the presentence report, determine the facts relevant to sentencing."). The court may *sua sponte* raise the issue of whether an enhancement applies. *See U.S. v. Hong Van Nguyen*, 303 Fed. Appx. 441, 443 (9th Cir. 2008) (unpublished) (rejecting a defendant's appeal of a district court imposing an enhancement the Government agreed not to pursue and stating "[a] stipulation and recommendation in a plea agreement does not bind the district court") (citing U.S.S.G. § 6B1.4(d)).

ORDER - 3

"In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also*, *U.S. v. Petty*, 982 F.2d 1365, 1367-68 (9th Cir. 1993). The court may rely on the testimony of a co-defendant "where... the testimony is given under oath and is subject to cross-examination." *U.S. v. Flores*, 725 F.3d 1028, 1038 (9th Cir. 2013); *see also*, *U.S. v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2016) (finding a co-defendant's testimony that is not under oath or subject to cross-examination did not establish a "minimal indicia of reliability").

The burden of proof does not fall on the Defendant. *Allen*, 434 F.3d at 1173. "District courts generally use the preponderance of the evidence standard of proof when finding facts at sentencing." *U.S. v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015) (quotation marks and citation omitted). "The higher clear and convincing standard may apply, however, when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction. [citation omitted] Particularly where a severe sentencing enhancement is imposed on the basis of uncharged or acquitted conduct, due process may require clear and convincing evidence of that conduct." (*Id.*) (quotation marks and citation omitted). The Ninth Circuit requires evaluation of six factors to determine whether a sentencing factor has a "disproportionate impact" on the sentence:

> (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged in the indictment; (2) whether the enhanced sentence negates the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based on the extent of a conspiracy; (5) whether an increase in the number of offense levels is less than or equal to four; and (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence.

ORDER - 4

(*Id.* at 1290) (quoting *U.S. v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010).

The manufacturing enhancement under U.S.S.G. § 2B5.1(b)(2) does not take the guideline range beyond the 20 year statutory maximum for the offense of Uttering Counterfeit Obligations or Securities in violation of 18 U.S.C. § 472. The enhancement for manufacturing counterfeit bills stems from the conduct for which Defendant pled guilty. *See Hymas*, 780 F.3d at 1290. The enhancement has no impact on the burden of proof or Defendant's presumption of innocence for the charges in the Indictment because he has already pled guilty to Uttering Counterfeit Obligations. Additionally, the enhancement does not create a new offense, because the manufacturing stems from the Uttering Counterfeit Obligations offense conduct and does not involve a pending criminal charge of manufacturing counterfeit obligations. Guideline enhancements do not require proof beyond a reasonable doubt. The Indictment did not charge Defendant with a conspiracy nor was he convicted of a conspiracy. *See* (ECF No. 1); *Hymas*, 780 F.3d at 1290.

The enhancement under U.S.S.G. § 2B5.1(b)(2) only increases the offense level by two. The court declined to apply U.S.S.G. § 2B5.1(b)(3) which would increase the offense level to level 15 based on a finding that the two level enhancement under U.S.S.G. § 2B5.1(b)(2) applies. Without that additional enhancement, Defendants' Offense Level increases only by two, which is below the *Hymas* amount triggering a heightened burden of proof.

Regarding the final *Hymas* factor, Defendant Rogers' Guideline Range, with the two level enhancement, increases from 15 to 21 months (Total Offense Level 7 and Criminal History Category VI) to 21 to 27 months (Total Offense Level 9 and Criminal History Category VI). Applying the enhancement does not double Defendant Rogers' Guideline Range. The court also observes Defendant admitted to possessing counterfeit bills as part of his offense conduct, which further supports the conclusion Defendant manufactured those counterfeit bills.

ORDER - 5

The court has twice given Defendant the opportunity for a full sentencing offense level evidentiary hearing, briefing, and argument from counsel to ensure a fair and impartial process. Contrary to defense counsel's arguments, the court did not pre-judge this issue, and made a determination only after hearings and a consideration of all of the evidence and counsel's arguments. While it appears a heightened burden of proof is not required, the court does not need to make a burden of proof determination because the manufacturing of counterfeit bills was established by clear and convincing evidence.

The court considered the testimony of Defendant Gilpatrick and Agent Ligouri, Agent Ligouri's report, the arguments of counsel, and the counterfeit and legitimate currency submitted as exhibits. The court found Defendant Gilpatrick credible, notwithstanding her prior inconsistent statements and criminal history. The court notes Defendant Gilpatrick's testimony inculpated herself just as much as it inculpated Defendant Rogers. Defendant Gilpatrick testified she and Defendant Rogers both participated in the manufacturing of the counterfeit bills. Her testimony was corroborated by the physical evidence seized from the truck and Agent Ligouri's testimony and report. Agent Ligouri testified based on his experience and training the counterfeit bills were a "very good replica" and unlikely to be spotted as fake upon cursory examination. This observation is confirmed by the court's own comparison of the bills submitted into evidence. The court finds Defendant Rogers and Defendant Gilpatrick manufactured or produced the counterfeit bills thereby triggering the enhancement under U.S.S.G. § 2B5.1(b)(2).

After consideration of the 18 U.S.C. § 3553(a) factors and the Guideline Range, the court found a sentence of 25 months and three years of supervised release to be sufficient but not greater than necessary for Defendant Rogers. The court also considered Rogers' extensive criminal history which includes numerous convictions for theft, drugs, and an

attempt to elude law enforcement conviction. The court reduced Rogers' actual sentence by giving him credit for federal time served since June 8, 2017.

**IT IS HEREBY ORDERED**:

The court will enter Judgment pursuant to the findings set forth at sentencing and herein.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated October 11, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
